**ORIGINAL**

# In the United States Court of Federal Claims

No. 14-562C

Filed: August 28, 2014

**FILED**

AUG 2 8 2014

U.S. COURT OF
FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| RENIECE L.W. KABANDO, | ) | |
| | ) | 28 U.S.C. § 1491, Tucker Act, Subject |
| Plaintiff, | ) | Matter Jurisdiction, Rules of the Court of |
| | ) | Federal Claims 12(b)(1), Money- |
| v. | ) | mandating, District Court Jurisdiction |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

*Reniece L.W. Kabando*, Woodbridge, VA, Plaintiff, *pro se*.

*Martin M. Tomlinson*, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him were *Stuart F. Delery*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Steven J. Gillingham*, Assistant Director.

**OPINION AND ORDER**

On July 1, 2014, plaintiff, Reniece L.W. Kabando, appearing pro se, filed a complaint, an application to proceed in forma pauperis, and an ex parte motion for declaratory and injunctive relief.[1] Plaintiff contends that she is entitled to $99,333,720,368,547,800.00 from the government pursuant to 18 U.S.C. §§ 1831-1839 (2012) and 15 U.S.C. §§ 631-657s (2012), and 15 U.S.C. § 644(g)(1) because she is the sole owner of a small business concern and is also a socially and economically disadvantaged woman and minority. On July 15, 2014, plaintiff filed a motion for leave to file an order to show cause as to "why the United States is now refusing and why the court should not grant the official order as previously mandated by Congress" and expressed her hope that "as Congress officially orders to do something, the Court of Federal Claims will order to do the same." Mot. for Leave to File Proposed Order to Show Cause, ECF No. 5.

---

[1] Plaintiff's complaint in this action is virtually identical to an earlier complaint filed by plaintiff before Judge Margaret M. Sweeney of this court. Kabando v. United States, No. 14-286C, 2014 U.S. Claims LEXIS 265, 2014 WL 1577047 (Fed. Cl. April 21, 2014). That case was dismissed for lack of jurisdiction and plaintiff's motion for reconsideration of the order of dismissal was denied.

The government has moved to dismiss the case for lack of subject matter jurisdiction.[2] For the reasons discussed below, the Court concludes that it lacks jurisdiction to address plaintiff's claims. Accordingly, the government's motion to dismiss is **GRANTED**.

The Court of Federal Claims has jurisdiction under the Tucker Act to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). The Tucker Act waives the sovereign immunity of the United States to allow a suit for money damages, United States v. Mitchell, 463 U.S. 206, 212 (1983), but it does not confer any substantive rights. United States v. Testan, 424 U.S. 392, 398 (1976). Therefore, a plaintiff seeking to invoke the court's Tucker Act jurisdiction must identify an independent source of a substantive right to money damages from the United States arising out of a contract, statute, regulation or constitutional provision. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008).

"Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." Mitchell, 463 U.S. at 216. "[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" Id. at 216-17 (1983) (quoting Testan, 424 U.S. at 400). While pro se plaintiffs' pleadings are held to "less stringent standards than formal pleadings drafted by lawyers," (Haines v. Kerner, 404 U.S. 519, 520 (1972)), even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 500 (2004), aff'd, 98 F. App'x 860 (Fed. Cir. 2004). If the statute upon which plaintiff's claim rests is not money-mandating, the court must dismiss the action because "the absence of a money-mandating source [is] fatal to the court's jurisdiction under the Tucker Act." Fisher v. United States, 402 F.3d 1167, 1173 (2005).

Reading plaintiff's complaint in the light most favorable to the plaintiff, the complaint fails to plead any claims sufficient to invoke the jurisdiction of the Court of Federal Claims. The statutes identified by plaintiff—18 U.S.C. §§ 1831-1839, 15 U.S.C. §§ 631- 657s, and 15 U.S.C. § 644(g)(1)—are not money-mandating. The Economic Espionage Act, 18 U.S.C. §§ 1831-1839, is a criminal statute that prohibits theft of trade secrets and applies to foreign conduct if "an act in furtherance of the offense was committed in the United States." 18 U.S.C. § 1837. The Small Business Act, 15 U.S.C. § 631-657s, states Congress' small business policy and outlines a framework for small businesses to compete for government contracts. These statutes, read together or alone, cannot be fairly interpreted to mandate the payment of money, and consequently this Court lacks jurisdiction to consider plaintiff's claims.

Plaintiff also cites 15 U.S.C. §§ 1-2, the Sherman Antitrust Act. The Court does not have jurisdiction over claims arising under the Sherman Antitrust Act. 15 U.S.C. § 4 ("The several district courts . . . are hereby invested with jurisdiction to prevent and restrain violations of sections 1 to 7 of this title."). See also 28 U.S.C. § 1337(a) (stating that the district courts have

---

[2] The plaintiff has not responded to the motion to dismiss or requested an extension of time to do so.

original jurisdiction over "any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies"); Hufford v. United States, 87 Fed. Cl. 696, 703 (2009) (holding that violations of the Sherman Antitrust Act are within the exclusive jurisdiction of the district courts).

Plaintiff also filed a request to proceed in forma pauperis. To proceed in forma pauperis, a plaintiff must submit an affidavit that includes a list of all of their assets, a declaration that they are unable to pay the fees or give the security for an attorney, and a statement of the nature of their action and their belief that they are entitled to judgment. 28 U.S.C. § 1915(a)(1) (2012). Here, plaintiff satisfied these requirements, and the Court therefore grants her application to proceed in forma pauperis.

For the reasons stated above, the Court **GRANTS** plaintiff's motion to proceed in forma pauperis and **DISMISSES** plaintiff's complaint for lack of jurisdiction. Plaintiff's motion for leave to file an order for the defendant to show cause is **DENIED AS MOOT**. The Clerk of the Court is directed to enter judgment accordingly.

The Clerk of the Court shall return to plaintiff the following documents: "Response to Defendant's 'No' Answer to the 'Motion For Leave to File Proposed Order to Show Cause'" and "Motion for Leave to File Response to Defendant's 'No' Answer for the 'Motion for Leave to File In Forma Pauperis,'" both received on August 25, 2014.

**IT IS SO ORDERED.**

_____
ELAINE D. KAPLAN
Judge